IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES R. NIBLOCK | § | |
| | § | |
| V. | § | A-14-CA-479 SS |
| | § | |
| MICHAEL PEARCE, WARDEN, | § | |
| FCI BASTROP | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court are James R. Niblock's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), Niblock's Motion for Evidentiary Hearing (Dkt. No. 2), the Government's Response (Dkt. No. 8), and Niblock's Reply (Dkt. No. 9). The District Court referred the above-case to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. GENERAL BACKGROUND

On April 2, 2003, in the United States District Court for the Eastern District of Virginia, James R. Niblock ("Niblock") plead guilty, pursuant to a plea agreement, to six counts of wire fraud in violation of 18 U.S.C. §§ 1343 & 2. The District Court sentenced Niblock to 235 months imprisonment, a three year term of supervised release and ordered Petitioner to pay $9,867,655.00 in restitution. *See* Judgment and Commitment Order in 1:02-CR-568-GBL-1 (Dkt. No. 72).

In addition to filing numerous motions to alter or amend the Judgment, Niblock filed several Motions to Vacate, Set Aside or Correct Sentence with the Sentencing Court. The District Court

denied Niblock's first § 2255 Motion on the merits which was affirmed by the Court of Appeals. See Dkt. No. 128. On April 2, 2009, the Court of Appeals for the Fourth Circuit denied Niblock permission to file a successive § 2255 Motion. See Dkt. No. 184. On July 14, 2010, the District Court dismissed yet another Motion to Vacate by Niblock. See Dkt. No. 226.

Niblock is currently incarcerated at FCI Bastrop, in Bastrop, Texas. Niblock has filed a previous § 2241 Petition in the instant District Court.[1] Niblock's first § 2241 Petition alleged that his trial counsel violated his Sixth Amendment right to the effective assistance of counsel by failing to fully advise him of all of the Government's plea offers. See *Niblock v. Maye*, A-10-CV-539 SS. On August 10, 2010, the undersigned issued a Report and Recommendation, recommending that the district judge dismiss the petition for lack of jurisdiction because Niblock's claims were outside the scope of a § 2241 and he had failed to meet the "savings clause" contained in § 2255. See Dkt. No. 5 in A-10-CV-539SS. On June 8, 2011, the District Court adopted the Report and Recommendation and dismissed Niblock's § 2241 Petition. *Id*. at Dkt. No. 11. On May 21, 2012, the Fifth Circuit affirmed the dismissal of Niblock's §2241 Petition. See *Niblock v. Maye*, No. 11-50903 (5th Cir. May 21, 2012). Niblock has now filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that he is actually innocent of the wire fraud offenses.

## II. ANALYSIS

In the instant § 2241Petition, Niblock argues that he is actually innocent of the wire fraud conviction, relying on the Fourth Circuit case of *United States v. Jefferson*, 674 F.3d 332 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 648 (2012). Because Niblock is attacking errors that occurred at or prior to his sentencing, his claims are outside the scope of a § 2241 petition. "28 U.S.C. § 2255, not

---

[1]Niblock has also filed a previous civil rights lawsuit under 42 U.S.C. § 1983 in this Court which was ultimately dismissed without prejudice on his request. *See Niblock v. Smith, et al*, A-14-CV-097 SS.

§ 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). In contrast, § 2241 is used by prisoners to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452. This Court lacks jurisdiction to construe the instant petition as a § 2255 petition, however, because a § 2255 motion must be filed in the court in which the petitioner was convicted and sentenced, which in this case would be the United States District Court for the Eastern District of Virginia. *See Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007) (finding that district court did not have jurisdiction to construe petition as a §2255 motion, where prisoner was sentenced in a different district).

  The Court may nevertheless address Niblock's claims through the so called "savings clause" provision of § 2255 if Niblock can demonstrate that § 2255 otherwise provides him with an "inadequate" or "ineffective" remedy. *Benson*, 511 F.3d at 487. A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* at 903. The petitioner bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." § 2255(e); *see also Pack*, 218 F.3d at 452.

Niblock attempts to invoke the savings clause by arguing that the Fourth Circuit opinion of *United States v. Jefferson*, 674 F.3d 332 (4th Cir.), *cert. denied*, 133 S.Ct. 648 (2012), shows that he is actually innocent of his wire fraud charges.  As stated above, to demonstrate that § 2255 is inadequate or ineffective, the petitioner must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Reyes–Requena*, 243 F.3d at 904.  Niblock's reliance on *Jefferson*, is clearly insufficient since it is a circuit court, not a Supreme Court decision.  Moreover, Niblock has failed to explain how the Fourth Circuit's holding in *Jefferson*, 674 F.3d at 368 (holding in part that venue was not proper in that district since the telephone call was not made within that district), has any applicability to the facts of his case.  Accordingly, Niblock has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e) and, therefore, his motion must be dismissed for lack of jurisdiction.

The Court further finds that Niblock's Motion for Evidentiary Hearing (Dkt. No. 2) should be denied.  "To receive a federal evidentiary hearing, the burden is on the habeas corpus petitioner to allege facts which, if proved, would entitle him to relief." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.1989).  A hearing is not necessary "when the record is complete or the petitioner raised only legal claims that can be resolved without the taking of additional evidence." *Id.*  Because the record is complete in this case and Niblock has only raised legal claims, the Court finds that no evidentiary hearing in this case is needed.  Accordingly, Niblock's Motion for Evidentiary Hearing (Dkt. No. 2) is **DENIED**.

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS** James R. Niblock's Petition and Amended Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241

(Dkt. No. 1) for lack of jurisdiction.  The Court **FURTHER RECOMMENDS** that the District Court **WARN** James R. Niblock again that continuing to file frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this Court.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of October, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE